IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

HENRY NORRIS HALL,

    Plaintiff,

v.                                      CASE NO. 5:14-cv-187-MW-GRJ

NURSE MCDOWELL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies. (Doc. 16.) Plaintiff, an inmate in the custody of the Florida Department of Corrections, who is proceeding *pro se* in this 42 U.S.C. § 1983 action, has filed a response in opposition to Defendants' motion. (Doc. 17.) For the reasons discussed below, it is recommended that Defendants' motion to dismiss should be granted because Plaintiff failed to properly exhaust his administrative remedies.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff's claim stems from an incident that took place at Apalachee Correctional Institution between August 22 and 23, 2012. Plaintiff states that on the afternoon of August 22, he was stabbed by a fellow inmate. Plaintiff claims that he was then transported to the medical unit where he was examined by Defendant Nurse McDowell, who examined him, cleaned his wounds, and then released him from medical. Plaintiff

alleges that he asked Nurse McDowell if he could see a doctor or PA for his chest pain, but Nurse McDowell refused his requests. (Doc. 1 at 6.)

Plaintiff states that he was still in pain after his release from medical, and his complaints to security led to another examination, this time by Defendants Nurse Mashburn and Nurse Country. Plaintiff alleges that the nurses did not provide any treatment to him after the exam, despite his bleeding from the wound on his shoulder, and instead placed him in a medical observation cell overnight. (Doc. 1 at 7.)

Plaintiff states that on the morning of August 23, a nurse practitioner examined him and then summoned Defendant Doctor Alvarez upon viewing Plaintiff's abnormally swollen neck. Plaintiff contends that Doctor Alvarez examined him and found air pockets in Plaintiff's neck, so Doctor Alvarez quickly sent for an ambulance which transported Plaintiff to Jackson Memorial Hospital. Plaintiff asserts that the hospital staff informed him that his lung had collapsed and he needed immediate surgery. (Doc. 1 at 8.)

Plaintiff claims that Defendants deliberately withheld treatment, resulting in significant and unnecessary injury in violation of the Eighth and Fourteenth Amendment and Florida malpractice laws. He requests that the Court award him compensatory and punitive damages for sustained injuries. (Doc. 1 at 9-10.)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before proceeding in federal court. 42 U.S.C. § 1997e ("[N]o action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner...until such administrative remedies as available are exhausted."). The exhaustion provision is a mandatory precondition to bringing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2002).

For the exhaustion requirement to be met under the PLRA, the prisoner "must . . . [properly] exhaust all 'available' remedies prior to filing suit." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). To properly exhaust all remedies, the prisoner must "take each step within the administrative process" and "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code delineates procedures for inmates to file a grievance against their prison or one of its officials. The inmate must first file an informal grievance, with several exceptions, including for medical grievances. Fla. Admin. Code § 33-103.005, § 33-103.006(3)(e). Medical grievances may be brought initially as formal grievances at the institutional level within 15 days of "[t]he date on which the incident or action being grieved occurred." Fla. Admin. Code § 33-103.006, § 33-103.011. If the inmate is dissatisfied with the response to the formal grievance, he may file an administrative appeal to the Office of the Secretary within 15 days of the date of the response to the formal grievance. Fla. Admin. Code § 33-103.007, § 33-103.011(1)(c).

Additionally, when a defendant raises the issue of failure to exhaust in the context of an inmate's 42 U.S.C. § 1983 action, it is treated as a matter in abatement.

*See Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008). The Court uses a two part procedure to determine whether a plaintiff has failed to exhaust his remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the Court must review the defendant's factual allegations along with those contained in the plaintiff's response, construing conflicting facts in the light most favorable to the plaintiff. If, after reviewing these facts, the defendant is entitled to have the complaint dismissed, it will be dismissed. *Id.* However, if the complaint is not subject to dismissal, the Court must make findings of fact necessary to resolve the exhaustion issue. *Id.*

### III. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. Plaintiff filed his complaint on August 4, 2014. (Doc. 1 at 9.)

Proper exhaustion requires not only filing a grievance concerning the allegations in the Complaint, but filing the grievance in compliance with the procedures provided by the Florida Department of Corrections. *Woodford*, 548 U.S. at 90-91. In this case, Plaintiff failed to submit his grievances concerning this incident in accordance with FDOC's grievance system.

Plaintiff asserts that he attempted to file a formal grievance pertaining to the incident in question "around the first part of September," but the paperwork may have been damaged when chemical agents were sprayed in his room. (Doc. 16-2 at 2.) In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff again contends that he submitted a formal grievance pertaining to the subject matter of the instant case on

September 6, 2012.  (Doc. 17 at 1.)   To support his claim, Plaintiff attaches a grievance dated September 11, 2012 to his response.  This grievance, however, deals with unrelated subject matter and does not address any of the allegations relevant to this action.  (Doc. 17-1 at 3.)

Plaintiff's only recorded formal grievance referencing the denial of medical treatment was filed June 19, 2013, and named only Nurse McDowell and Nurse Country.  This formal grievance was returned without action as filed outside of the proper time period.  (Doc. 16-2 at 4.)

The record provided by the Florida Department of Corrections reflects that Plaintiff filed five grievance appeals during his incarceration.  (Doc. 16-1 at 1, 3.)  Only one of those grievance appeals, grievance appeal 13-6-22724, concerned medical treatment.  (Doc. 16-2 at 2.)  Although Plaintiff wrote in the grievance appeal that he was inquiring about the status of the formal grievance he allegedly filed in September 2012, Plaintiff's grievance appeal was returned without action due to there being "no record of a medical formal grievance filed by [Plaintiff] at Apalachee Correctional Institution."  (Doc. 16-2 at 1.)

To completely exhaust available administrative remedies, prisoners are required to submit formal medical grievances within 15 days of the incident being grieved. *See* Fla. Adm. Code § 33-103.011.  Plaintiff's only *recorded* formal grievance against Defendants concerning the alleged withholding of medical care was filed on June 19, 2013—approximately ten months after the incident in question. (Doc. 16-1 at 8-9.) Plaintiff's appeal of the *alleged* formal grievance was received on July 19, 2013, outside

of the proper time frame. (Doc. 16-1 at 5.)  Plaintiff's grievances were are untimely and, therefore, Plaintiff has failed to exhaust his administrative remedies prior to filing the instant lawsuit. *See Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) ("[W]hen a state provides a grievance procedure for its prisoners, […] an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure *before* pursuing a § 1983 lawsuit.").  Accordingly, Plaintiff's claims must be dismissed.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Administrative Remedies (Doc. 16) should be **GRANTED**.

**IN CHAMBERS** this 1st day of June 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

*Case No: 5:14-cv-187-MW-GRJ*